UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA A. BRINN,

      Plaintiff,

v.                               CASE No. 8:10-CV-660-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security fails to address the opinion of a treating physician, the decision will be reversed and the matter remanded for further proceedings.

I.

      The plaintiff, who was forty-seven years old at the time her insured status expired and who has a high school education, has worked as a

_____

      [*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

restaurant manager, cashier, and delivery driver (Tr. 24-25). She filed a claim
for Social Security disability benefits, alleging that she became disabled due
to diabetes, Charcot foot, and partial amputation of the right foot (Tr. 108).
The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing
before an administrative law judge. The law judge found that the plaintiff
was last insured for disability benefits on June 30, 2006 (Tr. 17). He
determined that, as of that date, the plaintiff had severe impairments of
"poorly controlled type two diabetes mellitus, with bilateral foot problems
and a partial amputation of the right foot; and, obesity" (id.). He concluded
that the plaintiff could perform sedentary work with a sit/stand option which
required only occasional balancing, stooping, kneeling, crouching, or
crawling (Tr. 18). Additionally, he stated that the plaintiff had to avoid
climbing, foot pedals, temperature extremes, and hazards (id.). The law judge
determined that these restrictions prevented the plaintiff from performing past
work (Tr. 19). However, based on the testimony of a vocational expert, the
law judge ruled that there are jobs that exist in significant numbers in the
national economy that the plaintiff could perform, such as lens assembler and

-2-

food and beverage order clerk (Tr. 20). Therefore, the law judge found that the plaintiff was not disabled as of the date last insured. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The plaintiff must also show that she became disabled before her insured status expired on June 30, 2006, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

-3-

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

-4-

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>. 847 F.2d 698, 701 (11th Cir. 1988).

### III.

In May 2006, the plaintiff, who suffers from diabetes which is poorly controlled, was admitted to the hospital for a gangrenous great right toe and cellulitis of the right foot (Tr. 208-09). Surgeons amputated all five right toes and, a few days later, performed a Chopart amputation to remove her right forefoot, which had also become gangrenous. Over the next few weeks, the plaintiff experienced three additional procedures to close the wound after the sutures opened (Tr. 280, 288, 290), because she continued to bear weight on the ball stump (Tr. 292, 294). By late August 2006, however, the plaintiff's amputation site had healed (Tr. 330, 362). And, in September of that year, she was fitted with an ankle-foot orthosis to "stabilize her ankle

joint and prevent breakdown of her Chopart amputation site" (Tr. 361, 362).
However, in April 2007, approximately nine months after her insured status
expired, the plaintiff's left foot began to ulcerate, resulting in the amputation
of the fifth digit (Tr. 351, 419).

The law judge in this case found that the plaintiff had severe
impairments of poorly controlled type two diabetes mellitus, bilateral foot
problems, partial amputation of the right foot, and obesity, but that she was
not totally disabled before the end of the insured period (Tr. 17).  The law
judge, in concluding that the plaintiff was capable of a limited range of
sedentary work, stated that "[n]o opinion evidence is contrary to this finding"
(Tr. 19).  He added that "[t]he only opinions of record are those of the State
agency" (id.).  However, as the plaintiff argues, those statements are clearly
erroneous.

Dr. Gurkirpal S. Gill, a nephrologist, treated the plaintiff's
diabetes and foot problems in 2006 and 2007.  On December 7, 2007, Dr. Gill
wrote a letter on the plaintiff's behalf which opined that, due to her
"numerous medical conditions it is medically impossible for my patient to
engage in any type of work even the simplest type of work would be out of

-6-

reach for my patient" (Tr. 417). The law judge did not mention this opinion in his summary of the evidence and did not evaluate it. Indeed, the law judge appears to have overlooked it.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Moreover, "[t]he [administrative law judge] must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Commissioner argues that Dr. Gill's opinion could appropriately be discounted for various reasons (Doc. 17, pp. 9-11). I will agree that Dr. Gill's letter is not particularly compelling. However, the authority to discount the opinion is not assigned to the Commissioner's lawyer or to me. Rather, the responsibility is given to the law judge. He failed in his duty to carry out that responsibility. As indicated, that failure constitutes reversible error. Lewis v. Callahan, supra, 125 F.3d at 1440.

It is appropriate to add that the plaintiff has pointed to other problematic aspects of the law judge's decision. The parties agree that the law judge made the following misstatement of the facts: "the right foot problems were well before the alleged onset date, and the left foot problems had resolved within seven months of the alleged onset date" (Tr. 18). Moreover, the law judge also stated that, by the date last insured, "the right foot problems had resolved and were reportedly no longer a concern" (Tr. 19). Neither of these statements is an accurate reflection of the facts. The Commissioner paints this problem as a "simple typographical error or mix-up as to which foot was problematic at which time" (Doc. 17, p. 8). In addition, the plaintiff correctly asserts that the law judge was inaccurate to say that there was no showing that the plaintiff was wheelchair bound prior to the date last insured (Doc. 16, pp. 16-17). Regardless of whether these errors would, by themselves, warrant reversal, they certainly undermine confidence in the care with which the law judge reached his decision. They confirm that reversal is warranted as a result of the law judge's total failure to consider the opinion of Dr. Gill, a treating physician.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the

matter REMANDED for further consideration. The Clerk shall enter

judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 31st day of

January, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE